UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jeremy Stieber,<br><br>                 Plaintiff,<br>  v.<br><br>Palisades Collections, LLC; and DOES 1-10, inclusive,<br><br>                 Defendants. | Civil Action No.: _____ |

**COMPLAINT**

Plaintiff, Jeremy Stieber, says by way of Complaint against Defendant, Palisades Collections, LLC, as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, Jeremy Stieber ("Plaintiff"), is an adult individual residing in Mount Laurel, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Palisades Collections, LLC ("Palisades"), is a New Jersey business entity with an address of 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Palisades and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Palisades at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the amount of $191.19 dollars (the "Debt") to Verizon (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Palisades for collection, or Palisades was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Palisades Engages in Harassment and Abusive Tactics

12. Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13. In 2008, Plaintiff paid the Debt in full to Defendants.

14. Despite such information, on or about March 22, 2012, Defendants sent Plaintiff a demand letter in an attempt to collect on the Debt.

15. Moreover, Defendants' initial demand letter to Plaintiff shows a balance of $213.90, which states a different balance than the amount previously owed to the original creditor, which was an amount of $191.19.

### C. Plaintiff Suffered Actual Damages

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 12, 2012

                                  Respectfully submitted,

                                  By: /s/ Sofia Balile

                                  Sofia Balile, Esq.
                                  Lemberg & Associates LLC
                                  1100 Summer Street
                                  Stamford, CT 06905
                                  Phone: (917) 981-0849
                                  Fax:    (888) 953-6237